**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph PAJARDO, Defendant–
Appellant.**

**No. 07–10236.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2008.*

Filed June 24, 2008.

Michael K. Kawahara, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Glenn D. Choy, Esq., Law Office of Glenn D. Choy, Honolulu, HI, for Defendant–Appellant.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

### MEMORANDUM **

The district court did not err in enhancing Pajardo's sentence based on its finding that Pajardo's drug offenses involved approximately three kilograms of methamphetamine. In calculating the applicable Sentencing Guidelines range, the district court may generally rely on facts proved by a preponderance of the evidence. *United States v. Pike,* 473 F.3d 1053, 1057 (9th Cir.2007). In this case, the drug amount was established by undisputed evidence in the record. The court is also entitled to rely on undisputed statements in the presentencing report. *See United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc); *see also* Fed.R.Crim.P. 32(i)(3)(A). The district court's use of such evidence to calculate the applicable Sentencing Guidelines range does not raise a Sixth Amendment issue under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Therefore, even if Pajardo never admitted to transactions involving three kilograms of methamphetamine, we would uphold the district court's application of the Sentencing Guidelines. *United States v. Thomas,* 355 F.3d 1191 (9th Cir.2004), is

not to the contrary. *Thomas* did not address a Sentencing Guidelines calculation, but rather held the district court could not determine a drug amount that would affect the statutory maximum under 21 U.S.C. § 841(b) based on facts not admitted by the defendant nor found by the jury beyond a reasonable doubt. *Id.* at 1199, 1201–02.

Finally, the district court neither treated the Sentencing Guidelines as mandatory, nor failed to consider the factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States,* ―― U.S. ――, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The district court explained its decision in light of the § 3553(a) factors, and imposed a below-Guidelines sentence on Pajardo. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.